Matthew E. JACKSON, Jr., Plaintiff,

v.

UNIVERSITY OF PITTSBURGH, et al., Defendants.

Civ. A. No. 85–264.

United States District Court, W.D. Pennsylvania, Civil Division.

Jan. 14, 1992.

---

See also 826 F.2d 230.

Matthew E. Jackson, pro se.

Martha Hartle Munsch, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff Matthew E. Jackson, Jr., an attorney who is representing himself, initiated the above-captioned case on February 1, 1985. On July 1, 1991, the court ordered Mr. Jackson to produce certain federal income tax returns to the defendant University of Pittsburgh (the "University"). On October 15, 1991, the court again issued an order requiring production of the income tax returns, as well as the filing of certain pretrial pleadings. Trial was scheduled to begin on January 21, 1992. On December 23, 1991, Mr. Jackson had neither produced the income tax returns which were the subject of two previous court orders nor filed the pretrial pleadings required. Thus, the court *sua sponte* granted Mr. Jackson an extension, ordering that joint proposed findings of fact and conclusions of law be filed by December 27, 1991 and that he file a revised pretrial statement by January 3, 1992. The order also gave Mr. Jackson yet another chance to obey prior court orders and produce his tax returns, this time by January 3, 1992.

Pending before this court is defendant's motion to dismiss for plaintiff's failure to comply with the court's order of December 23, 1991. The motion will be granted.

Trial courts have inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). Fed.R.Civ.P. 37(b)(2)(C) provides:

> If a party .... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others ...
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*See also* Fed.R.Civ.P. 16(f) (pretrial orders) and Fed.R.Civ.P. 41(b) (dismissal for failure to prosecute), each of which additionally provide authority for dismissal in this case.

Dismissal is a drastic sanction. In certain cases, however, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988). *See also National*

*Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). The following factors are to be balanced when considering dismissal:

1. the extent of the party's personal responsibility;
2. the prejudice to the adversary caused by the failure to comply;
3. a history of dilatoriness;
4. whether the conduct of the party was willful or in bad faith;
5. the existence and effectiveness of alternative sanctions; and
6. the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984). "Not all of these factors need be met for a district court to find dismissal is warranted." *Hicks,* 850 F.2d at 156.

■ In the above-captioned case, the record reveals that, although Mr. Jackson originally retained counsel to file this lawsuit, he began to represent himself long before the actions at issue. He was representing himself at the time each of the orders detailed above was entered and disobeyed.

Further, the partial procedural history set forth above both illustrates Mr. Jackson's repeated dilatoriness and underscores his willfulness in disobeying this court's orders. The record is replete with examples of plaintiff's disregard for the court's orders, ranging from his walking out of the courtroom during a hearing to his failing to appear for a status conference. Mr. Jackson's reply to defendant's motion and the statements he made at a pretrial conference held on January 10, 1992 make clear that he is consciously and deliberately refusing to comply with the court's orders.

Mr. Jackson's protests that production of his income tax returns would constitute an invasion of his privacy should have been presented to the court in the proper manner, through a motion for reconsideration or a protective order. Litigants cannot defy court orders simply because they are not immediately appealable.

The University needs the income tax returns at issue in both the liability and damage phases of the case. It has also been prejudiced by the plaintiff's failure to file a revised pretrial statement, because the only pretrial statement on file was filed on August 7, 1985. At that time, there were several more claims in the case. With the trial scheduled to begin in less than two weeks, defendant's preparation is drastically altered by plaintiff's outright refusal to update his pretrial statement. The sanction of dismissal is thus related to the matters at issue in the orders which have been disobeyed. *See Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinee,* 456 U.S. 694, 704, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982).

The court has sanctioned Mr. Jackson in the past. He has indicated that he has no intention of obeying its orders, despite being on notice that the case will be dismissed if he does not. Without commenting on the meritoriousness of Mr. Jackson's case, the court concludes that dismissal is the only effective and appropriate sanction available at this stage.